UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSEDWARD SANTILLIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. FOULK, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-0807 CKD P<br><br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2    　　　　The court is required to screen complaints brought by prisoners seeking relief against a
3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7    　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
9    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13   Cir. 1989); Franklin, 745 F.2d at 1227.

14   　　　　In order to avoid dismissal for failure to state a claim a complaint must contain more than
15   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
16   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
18   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
19   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
20   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
21   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
22   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
23   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
24   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
25   U.S. 232, 236 (1974).

26   　　　　Plaintiff challenges a 2013 disciplinary conviction for participating in a mass hunger
27   strike in violation of California Code of Regulations Title 15 § 3005(b), for which he was
28   assessed a 61-day loss of credits.  (See ECF No. 1 at 15-19.)  He argues that he was wrongfully

1  convicted of this violation and seeks to have the disciplinary conviction revoked and his credits
2  restored. (Id. at 3.)

3        Plaintiff's challenge to the disciplinary conviction is barred by Heck v. Humphrey, 512
4  U.S. 477 (1994). In Heck, the Supreme Court held that to recover damages for "harm caused by
5  actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff
6  must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.
7  Heck v. Humphrey, 512 U.S. at 486–487. In § 1983 suits the court must "consider whether a
8  judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or
9  sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that
10 the conviction or sentence has already been invalidated." Id. at 487. The Heck bar preserves the
11 rule that federal challenges, which, if successful, would necessarily imply the invalidity of
12 incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after
13 exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004).
14 Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no
15 matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit
16 (state conduct leading to conviction or internal prison proceedings)—if success in that action
17 would necessarily demonstrate the invalidity of confinement or its duration. Wilkinson v.
18 Dotson, 544 U.S. 74, 81–82 (2005); see also Edwards v. Balisok, 520 U.S. 641, 644–646 (1997)
19 (holding that claims alleging procedural defects and bias by a hearing officer at disciplinary
20 hearing were not cognizable under Heck, because they implied the invalidity of a credit forfeiture
21 imposed at the hearing).

22       Here, if plaintiff prevails on his claim and shows a due process violation under Wolff v.
23 McDonnell, 418 U.S. 539 (1974), a judgment in his favor will necessarily imply the invalidity of
24 his conviction and credit loss. See Edwards, 520 U.S. at 644, 647. Consequently, plaintiff's
25 §1983 action cannot proceed unless and until his disciplinary conviction is invalidated as required
26 by Heck and Edwards. This is so even if plaintiff seeks only monetary damages as a result of the
27 alleged due process violation. See Edwards, 520 U.S. at 644 (when challenging a disciplinary
28 proceeding, the applicability of the Heck bar does not depend on whether the plaintiff seeks

restoration of the lost credits).

Because plaintiff's disciplinary conviction still stands, he is barred under the Heck doctrine from bringing this civil rights action. Thus the instant complaint will be dismissed without prejudice to refiling in the event that the disciplinary conviction is rendered invalid.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint is dismissed without prejudice; and

4. The Clerk of Court shall close this case.

Dated: April 25, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /sant0807.14.new

---

[1] Plaintiff is advised that prison inmates may challenge disciplinary convictions resulting in loss of credits in a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254. An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:
  1) Advance written notice of the charges;
  2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;
  3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and
  4) That the findings of the prison disciplinary board be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).